ENTERED
T.R.

FILED
LORAIN COUNTY

2022 NOV 23 P 2: 04

COURT OF COMMON PLEAS
TOM ORLANDO

# IN THE LORAIN COUNTY COURT OF COMMON PLEAS COURT

| | |
|---|---|
| **ERIC J. HOFFMAN**<br>5414 Schmutzler Street, Apt. 1<br>Schofield, WI 54476-2629<br><br>Plaintiff,<br><br>vs.<br><br>**HEZAM M. EDEIF**<br>6025 Ternes Street<br>Dearborn, MI 48126<br><br>And<br><br>**ZOOM TRANSPORT INC.**<br>114 E. Maumee Street<br>Angola, IN 46703<br><br>And<br><br>**SENTRY SELECT INSURANCE COMPANY**<br>1800 North Point Drive<br>Stevens Point, WI 54481<br><br>Defendants. | CASE NO.:  **22CV207534**<br>Judge<br><br>**COMPLAINT WITH JURY DEMAND ENDORSED HEREON**<br><br>Steven L. Crossmock (0041947) **JUDGE MARK A. BETLESKI**<br>Stevin J. Groth (0064181)<br>Groth & Associates<br>416 N. Erie Street, Suite 100<br>Toledo, Ohio 43604<br>Telephone: 419-930-3030<br>Facsimile: 419-930-3032<br>Email: scrossmock@grothlaw.com<br><br>Attorneys for Plaintiff |

*************************************************************************

Plaintiff, by and through Counsel, for his complaint states and avers as follows:

## THE PARTIES

1. Plaintiff Eric J. Hoffman is a resident of Schofield, Marathon County, Wisconsin.



DEFENDANT'S EXHIBIT
**A**

2. Defendant Hezam M. Edeif was/is a resident of Dearborn, Wayne County, Michigan and was the driver and/or owner of the 2004 Volvo that was being operated on eastbound Ohio Turnpike in Lorain County, Ohio on or about November 30, 2022. Said 2004 Volvo had DOT number of 2090158.

3. Defendant Zoom Transport Inc. is a commercial carrier transportation company licensed to do business and was the owner of the 2004 Volvo that Defendant Hezam M. Edeif was driving. Said 2004 Volvo had DOT number of 2090158.

4. Defendant Sentry Select Insurance Company is an insurance company licensed to do business and on November 30, 2020 provided insurance for Plaintiff Eric J. Hoffman. A copy of the policy is not attached as it is not in Plaintiff's possession.

5. This subject matter of this lawsuit occurred in Lorain County, Ohio.

## COMMON FACTS

6. On or about November 30, 2020, Plaintiff Eric J. Hoffman was operating a 2019 Peterbilt Semi Truck, owned by Pioneer Transportation, Ltd., and was traveling eastbound on the Ohio Turnpike, in Lorain County, Ohio.

7. At the same date and time, Defendant Hezam M. Edeif was traveling eastbound on the Ohio Turnpike. Defendant Hezam M. Edeif began passing Plaintiff Eric J. Hoffman when he lost control of his vehicle and jack knifed immediately in front of plaintiff's vehicle

8. Defendant Hezam M. Edeif failed to control his vehicle causing it to jack knife immediately in front of the vehicle being operated by Plaintiff Eric J. Hoffman Plaintiff Eric Hoffman collided with the jack knife vehicle that operated by the Defendant Hezam Edeif.

9. Defendant Hezam M. Edeif had a duty of care to operate his vehicle in such a non-negligent manner.

10. Defendant Hezam M. Edeif breached that duty of care by operating a motor vehicle in a dangerous, reckless, and negligent manner as to injure Plaintiff Eric J. Hoffman by losing control of his vehicle

11. As a direct and proximate result of Defendant Hezam M. Edeif's negligence, Plaintiff Eric J. Hoffman sustained serious permanent personal injuries to his person requiring medical care and attention.

12. As a direct and proximate result of Defendant Hezam M. Edeif's negligence, Plaintiff Eric J. Hoffman incurred medical bills, lost wages, great pain, and suffering.

13. As a direct and proximate result of Defendant Hezam M. Edeif's negligence, Plaintiff Eric J. Hoffman believes that his injuries are permanent in nature and that he will require future medical care and incur future medical care costs and lost wages and that he will continue to endure great pain, suffering, as well as the future loss of the enjoyment of life.

## FIRST CAUSE OF ACTION

### Negligence of Defendant Hezam M. Edeif

14. Plaintiff adopts by reference paragraphs one (1) through thirteen (13) as if fully restated herein.

15. Defendant Hezam M. Edeif had a duty to Plaintiff Eric J. Hoffman to use due care and caution in the operation of his vehicle and to drive his vehicle with care and circumspection to reasonably protect the safety, health, life and property of

Plaintiff Eric J. Hoffman, and to obey the motor vehicle laws of the State of Ohio and the rules of Ohio Common Law.

16. Contrary to duties owed to Plaintiff Eric J. Hoffman, this Defendant was negligent in that he:

    a. Failed to operate his vehicle on said roadway in a manner that was safe for the road conditions.

    b. Failed to maintain his lane of travel.

    c. Failed to operate his vehicle in speed that was safe for the weather and roadway conditions

    d. Failed to operate said vehicle in a manner so as not to endanger Plaintiff Eric J. Hoffman.

    All the above actions are contrary to Ohio Common Law and the laws governing the operation of motor vehicles within the State of Ohio.

17. Defendant Hezam M. Edeif had a duty of care to operate his vehicle in such a non-negligent manner.

18. Defendant Hezam M. Edeif breached that duty of care by operating a motor vehicle in a dangerous, reckless, and negligent manner as to injure Plaintiff Eric J. Hoffman.

19. As a direct and proximate result of Defendant Hezam M. Edeif's negligence, Plaintiff Eric J. Hoffman sustained serious permanent personal injuries to his person requiring medical care and attention.

20. As a direct and proximate result of Defendant Hezam M. Edeif's negligence, Plaintiff Eric J. Hoffman incurred medical bills, lost wages, great pain, and suffering.

21. As a direct and proximate result of Defendant Hezam M. Edeif's negligence, Plaintiff Eric J. Hoffman believes that his injuries are permanent in nature and that he will require future medical care and incur future medical care costs and lost wages and that he will continue to endure great pain, suffering, as well as the future loss of the enjoyment of life.

## SECOND CAUSE OF ACTION

### Negligence Per Se of Defendant

22. Plaintiff adopts by reference paragraphs one (1) through twenty-one (21) as if fully rewritten herein.

23. On November 30, 2020, there existed in the Ohio Revised Code, Sections 4511.20 and 4511.202 which imposes duties upon motorists as follows (in pertinent part):

**§4511.20 Operation in willful or wanton disregard of the safety of persons or property.**

> (A) No person shall operate a vehicle, trackless trolley, or streetcar on any street or highway in willful or wanton disregard of the safety of persons or property.

**§4511.202 Operation without being in reasonable control of vehicle, trolley, or streetcar.**

> (A) No person shall operate a motor vehicle, trackless trolley, streetcar, agricultural tractor, or agricultural tractor that is towing, pulling, or otherwise drawing a unit of farm machinery on any street, highway, or property open to the public for vehicular traffic without being in reasonable control of the vehicle, trolley, streetcar, agricultural tractor, or unit of farm machinery.

24. The above stated statutes were enacted to protect the welfare of the individuals operating and occupying motor vehicles on the streets or highways of the State of Ohio.

25. Plaintiff Eric J. Hoffman is a member of the class of persons said ordinances were enacted to protect.

26. Defendant Hezam M. Edeif violated the ordinances by operating his vehicle in such a way that he failed to control his vehicle, which caused the automobile accident involving Plaintiff Eric J. Hoffman.

27. Defendant Hezam M. Edeif's violation of the statutes constitute negligence per se.

28. As a direct and proximate result of Defendant Hezam M. Edeif's negligence per se, Plaintiff Eric J. Hoffman sustained serious permanent personal injuries to his person requiring medical care and attention.

29. As a direct and proximate result of Defendant Hezam M. Edeif's negligence per se, Plaintiff Eric J. Hoffman incurred medical bills, lost wages, great pain, and suffering.

30. As a direct and proximate result of Defendant Hezam M. Edeif's negligence per se, Plaintiff Eric J. Hoffman believes that his injuries are permanent in nature and that he will require future medical care and incur future medical care costs and lost wages and that he will continue to endure great pain, suffering, as well as the future loss of the enjoyment of life.

## THIRD CAUSE OF ACTION

### Uninsured/Underinsured Motorists Coverage

31. Plaintiff adopts by reference paragraphs one (1) through thirty (30) as if fully rewritten herein.

32. At the time of the automobile collision, Plaintiff Eric J. Hoffman was driving a 2019 Peterbilt Semi Truck which was insured through an automobile insurance policy by Sentry Select Insurance Company. The insurance policy providing automobile insurance coverage to Plaintiff Eric J. Hoffman, contains uninsured/underinsured motorist provisions which provides compensation to Plaintiff Eric J. Hoffman, because of the operation or occupancy of an uninsured/underinsured motor vehicle under Ohio Law.

33. Upon information and belief, at the time of the collision, Defendant Hezam M. Edeif operated an uninsured and/or underinsured motor vehicle in that this Defendant either did not own an automobile insurance policy or the liability insurance limits are insufficient to fully compensate Plaintiff Eric J. Hoffman for his injuries and damages sustained in the collision.

34. Plaintiff Eric J. Hoffman are entitled to recover from Defendant Sentry Select Insurance Company for damages and injuries sustained in the collision.

## FOURTH CAUSE OF ACTION

### Medical Payment Coverage

35. Plaintiff adopts by reference paragraphs one (1) through thirty-four (34) as if fully rewritten herein.

36. At the time of the collision, the insurance policy providing automobile insurance coverage to Plaintiff Eric J. Hoffman contained excess medical payments coverage providing for payment of reasonable and necessary medical expenses attributable to the accident.

37. Defendant Sentry Select Insurance Company is responsible for all reasonable and necessary medical expenses pursuant to the terms and conditions of said insurance policy. Said payments if made are subject to reimbursement in accordance with Ohio Revised Code Section 2323.44.

38. Plaintiff Eric J. Hoffman is an injured person that is legally entitled to receive non-subrogated medical payments coverage pursuant to the terms and conditions of said automobile insurance policy.

## FIFTH CAUSE OF ACTION

*Vicarious Liability of Defendant Zoom Transport Inc.*

39. All allegations and causes of action above are incorporated into this cause of action by reference.

40. At all relevant times, Defendant Hezam M. Edeif was the employee, agent, servant, or independent contractor for Defendant Zoom Transport Inc. Accordingly, Defendant Zoom Transport Inc. is vicariously liable for the acts of Defendant Hezam M. Edeif described in the causes of action above.

*41.* Regardless of the employment or agency relationship, Defendant Zoom Transport Inc. is an interstate motor carrier responsible for the acts of the Defendant driver.

*42.* As a direct and proximate result of Defendant Zoom Transport Inc.'s employee Hezam M. Edeif negligence and negligence per se, Plaintiff Eric Hoffman incurred

medical bills and expenses, lost wages, experienced terror and conscious anguish, suffering and pain.

43. As a direct and proximate result of Defendant Zoom Transport Inc.'s employee Hezam M. Edeif negligence and negligence per se, Plaintiff Eric Hoffman was injured. Plaintiff Eric Hoffman was required to undergo medical care, incurred medical care costs and lost wages. Plaintiff Eric Hoffman believes that his injuries are permanent in nature and that he will require future medical care and incur future medical care costs and lost wages and will continue to endure great pain, suffering, as well as the future loss of the enjoyment of life.

## FOURTH CAUSE OF ACTION
*Strict Liability of Defendant Zoom Transport Inc.and/or Hezam M. Edeif*

44. All allegations and causes of action above are incorporated into this cause of action by reference.

45. Defendant Zoom Transport Inc and/or Defendant Hezam M. Edeif. is the registered owner of the USDOT number 2090158 displayed on the truck involved in this collision and is therefore responsible for the acts of Defendant Hezam M. Edeif.

## FIFTH CAUSE OF ACTION
*Negligence of Defendant Zoom Transport Inc.*

46. All allegations and causes of action above are incorporated into this cause of action by reference.

47. Defendant Zoom Transport Inc. had a duty to act reasonably in hiring, instructing, training, supervising and retaining its drivers and other employees and agents, including Defendant Hezam M. Edeif, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe.

48. Defendant Zoom Transport Inc. had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

49. Defendant Zoom Transport Inc. failed in the above-mentioned duties and was therefore negligent.

50. Defendant Zoom Transport Inc.'s negligence was the direct and proximate cause of Plaintiff Eric Hoffman's injuries and the damages described in this Complaint.

51. As a direct and proximate result of Defendant Zoom Transport Inc.'s, Plaintiff Eric Hoffman has incurred lost wages and medical bills for the treatment of his injuries directly resulting from this collision and will require future medical care and incur future medical care costs and lost wages and that he will continue to endure great pain, suffering, as well as the future loss of the enjoyment of life.

### FIFTH CAUSE OF ACTION

*Negligent Entrustment*

52. Plaintiff adopts by reference paragraphs one (1) through Fifty-One (51) as if fully rewritten herein.

53. On November 30, 2020, Defendant Zoom Transport Inc. was the owner of the semi-truck operated by Defendant Hezam M. Edeif of which the vehicle struck and injured Plaintiff Eric J. Hoffman.

54. Defendant Zoom Transport Inc. negligently entrusted their vehicle to Defendant Hezam M. Edeif which negligent entrustment caused the hereinbefore described injuries and damages to Plaintiff Eric J. Hoffman.

**WHEREFORE**, Plaintiff Eric J. Hoffman prays for judgment against Defendants in the following manner:

1. Against Defendant Hezam M. Edeif, Defendant Zoom Transport Inc., and Defendant Sentry Select Insurance Company for compensatory and other damages, joint and several in an amount in excess of $25,000, plus interest, costs, attorney's fees and any other relief that justice requires.
2. A declaration that Plaintiff Eric J. Hoffman is insured under a policy issued by Defendant Sentry Select Insurance Company for any damages proximately caused by Defendant Hezam M. Edeif and Defendant Zoom Transport Inc.'s negligence up to any/and all limits of medical payments coverage and uninsured or underinsured motorist coverage minus any applicable insurance that is available for payment under any policy of insurance which insures Defendant Hezam M. Edeif and Defendant Zoom Transport Inc.;
3. A judgement finding that Plaintiff Eric J. Hoffman has complied with all conditions precedent;
4. A Declaration that R.C. 2323.44 applies to the Sentry Select Insurance Company's policy of insurance.
5. Attorney's fees and costs.

Respectfully Submitted,

*/s/ Stevin J. Groth*

Stevin J. Groth, Esq.
Steven L. Crossmock, Esq.

Attorneys for Plaintiff Eric J. Hoffman

## JURY DEMAND

Plaintiffs hereby request a trial by jury on all issues so triable.

Respectfully Submitted,

*/s/ Stevin J. Groth*

Stevin J. Groth, Esq.
Steven L. Crossmock, Esq.

Attorneys for Plaintiff Eric J. Hoffman